Upson, C. J.
This case comes before the court on a demurrer to the amended petition. The petition is in quo warranto, filed in the name of the state on relation of the Prosecuting Attorney against The East Cleveland Eailroad Company, alleging that that railroad company is a corporation duly organized under the laws of the state of Ohio ; that the city of Cleveland is a city of the second grade of the first class, and that Garden street is a public street in said city ; that the East Cleveland Eailroad Company claims to hold and exercise the privilege and right of maintaining a street railway in and upon said Garden street, between Brownell street on the west and Wilson avenue on the east, for the transportation of passengers for hire, in contravention of law ; that by an ordinance of said city, which was passed and took effect on the 14th day of January, A. D. 1868, said franchise, privilege and right were granted to the defendant for the term of twenty years from said date, and no longer; that immediately upon the .passage of said ordinance the defendant accepted said grant; that on the 22d day of March, A. D. 1880, the council of said city passed an ordinance in the following words: “ An ordinance to permit The East Cleveland Eailroad Company to extend the Garden *319 street branch of its railway.” The ordinance is then recited at length in the petition; and it is then alleged that no notice was given by the Clerk of the pendency of that ordinance, as required by statute. And there are other allegations in the petition which need not be stated.
To this amended petitition a demurrer was filed, upon three grounds:
“1. Because said plaintiff has not legal capacity to bring this suit.
“ 2. Because there is a defect of parties plaintiff in said action.
“ 3. Because said petition does not state facts sufficient to •constitute a cause of action in favor of the plaintiff or against said defendant.”
As to the first ground of objection to the amended petition, that the plaintiff has not legal capacity to bring this .suit, we are not satisfied that that ground can be maintained.
Nor are we satisfied that there is a defect of parties plaintiff in the action. The statute provides that the right to exercise the franchise may be tried by proceedings in quo warranto, and by a-recent amendment to the statute it is provided that it may be tried -whether the right is claimed by contract or otherwise; and upon examination, not only of the statute, but of the decisions of the Supreme Court of this state, we are of opinion that the plaintiff has legal capacity in this suit to test the question as to whether this franchise is exercised in contravention of law, and that the state on the one side and the corporation claiming to exercise that franchise upon the other, are the proper parties to the proceeding.
This brings us to the third ground of objection to the petition — that it does not state facts sufficient to constitute a cause of action in favor of the plaintiff or against the defendant; and the question which arises under that clause of the demurrer is whether this franchise, which, as is admitted by the demurrer, is exercised by this corporation, is exercised in contravention of law. The petition states the fact that in 1868 *320 the franchise of constructing and maintaining a street railroad upon Garden street, between Brownell street upon the west and Wilson avenue upon the east, was regularly granted by the city council, and that the street railroad was constructed and has been operated in accordance with the grant; but the ordinance which is set forth at length in the petition, provides not only for the extension of this street railroad east of its terminus at Wilson avenue to a point named, which is two or three miles, perhaps, east of Wilson avenue, but for giving to the East Cleveland Railroad Company the privilege of operating the railway as thus extended for the period of twenty-five years from the date of the passage of the ordinal: ee, thus operating as a renewal or extension of the grant of the right to operate this part of the street railroad between Brownell street and Wilson avenue for a period of twenty-five years from the date of the passage of this ordinance; and it is claimed that this last ordinance of the city council is invalid, upon two grounds — perhaps three, but mainly upon two grounds; and the decision of that question depends upon the proper construction of the statutes of Ohio in that regard.
Section 2501 of the Revised Statutes of Ohio provides that “ no corporation, individual or individuals, shall perform any work in the construction of a street railroad until application for leave is made to the council, in writing, and council, by ordinance, shall have granted permission, and prescribed the terms and conditions upon, and the manner in which the road shall be constructed and operated, and the streets and alleys which shall be used and occupied therefor, and cities of the first and second grades of the first class may renew any such grant at its expiration upon such conditions as may be considered conducive to the public interests.”
Section 2502 of the Revised Statutes provides that “ no ordinance for such purpose shall be passed until public notice of the application therefor has been given by the Clerk of the corporation in one or moreofthe daily papers, if there be such, and if not, in one or more of the weekly papers published in *321 the corporation, for the period of three consecutive weeks; and no such grant shall be made except to the corporation, individual or individuals that will agree to carry passengers upon such proposed railroad at the lowest rates of fare, and shall have previously obtained the written consent of a majority of the property holders on the line of the proposed street railroad, represented by the feet front of lots abutting on the street along which such road is proposed to be constructed; provided that no grant nor renewal of any grant for construction or operation of any street railroad shall be valid for a greater period than twenty-five years from the date of such grant or renewal; and after such grant or renewal of grant is made, whether by special or general ordinance, the municipal corporation shall not, during the term of such grant or renewal, release the grantee from any obligation or liability imposed by the terms of such grant or renewal of grant.”
The first objection made to this ordinance is that it is invalid by reason of a failure to comply with the provision of section 2502, that notice be given in the newspapers by the Clerk of the corporation, it being alleged in the amended petition that no such notice of this application was given. Secondly, it is claimed that another provision of the same section should have been complied with, viz., that in regard to obtaining the written consent of a majority of the property holders on the line of the proposed street railroad. Upon the other side, it is contended that this provision that “ no ordinance for this purpose shall be passed until public notice of the application therefor has been given,” applies, not to the action of the council in renewing the grant “ upon such conditions as may be considered conducive to the public interests,” but solely to that part of the preceding section which provides for the giving to the corporation of permission for the construction of a street railroad, the terms and conditions upon which it shall be constructed, and the streets and alleys which shall be used and occupied therefor. Upon examining the two sections which I have read, and also the original law from which those *322 provisions are taken and placed in the Revised Statutes, we are satisfied that it was not the intention of the Legislature to apply the provision of section 2502 in respect to publication of notice and agreeing to carry passengers at the lowest rate of fare, to a renewal of the grant of such a franchise.
The original section is to be found in the 66th volume of Ohio Laws, on page 217. Sections 411 and 412 are the ones from which these sections are mainly taken. Section 411 provides :
“ The council, on the written application ofany corporation, individual or individuals desiring to construct any street railroad, in any city or incorporated village, before the work of constructing such road be commenced, shall, by ordinance, grant permission therefor and prescribe the terms and conditions upon and the manner in which such road shall be constructed and operated, and the streets and avenues which shall be used and operated therefor.”
Then, without any provision as to renewal, section 412 provides :
■ “ No ordinance for such purpose shall be passed until public notice of the application therefor has been given by the Clerk of the corporation in one or more of the daily papers, if there be such, and if not, then in one or more weekly papers published in the corporation, for the period of at least three consecutive weeks.”
It seems to us that the natural construction of the language restricts the operation of those provisions of section 2502 to which I have referred, to the ordinance, which is the only ordinance mentioned in section 2501, providing for the original construction of a street railway. It was not intended by the legislature that upon a renewal of such a grant, either a publication of notice or the consent of the property holders upon the line of the road should be requisite, the law providing that the council in cities of the first and second grades of the first class, may renew such grant upon such conditions as may be considered conducive to the public interests, leaving the *323 matter, as we understand it, in that respect, entirely to the judgment of the city council as to what conditions will, and what will not be conducive to the public interests.
We hold, then, that the ordinance to which I have referred, which renews this grant of the franchise to maintain a street railroad on Garden street between Brownell street on the west and Wilson avenue on the east, is not invalid for the reason that notice was not given and the consent of the property holders was not obtained previous to its passage.
The next question, and the one upon which there has been more argument than upon any other point in the case, and which is more difficult, perhaps, to decide than any other question in the case, is as to the construction of that part of section 2501 which provides that “ cities of the first and second grades of the first class may renew any such grant at its expiration upon such conditions as may be considered conducive to the public interests ; ” and the words which involve a good deal of difficulty in their construction, when taken in connection with the rest of the section, are the words, ‘‘ at its expiration.” It •is contended strongly, and with a good deal of force, by the counsel for the plaintiff in this case, that the words, “ at its expiration” limit the power of the council to grant a renewal of a franchise; that the words are plain and unequivocal, and can have no other meaning than that, under that section, it is not within the power of the city council to grant a renewal of the franchise at any other time than at the expiration of the number of years limited by the council in its first grant; that no matter what change of circumstances there may be, or however much it may be shown to be for the public interests that the first grant should expire, by agreement of parties or otherwise,’ previous to the time limited in the original ordinance, the grantee of the franchise must retain that right up to the full number of years provided in the original grant, and that a renewal, if it is made, must be made at that time, and no other. On the other hand, it is claimed that that is not the proper construction of the statute; that while the *324 strict, literal construction of those words might give them that meaning, the effect of it would be substantially to prevent any renewal at all; because it would ordinarily be impracticable to make the grant of renewal precisely at the time of the expiration of the first grant. Now, it is obvious that in giving a construction to a statute of this kind, such a construction should, if possible, be given as will promote the public interests, if such a construction will not in any way be an injury to private interests. It may be said here properly, that it is not shown by the allegations of this petition, by the arguments of counsel, or by any considerations which have been suggested to us, that in any way the public interest is sacrificed by the grant of this renewal to the street railroad company. But, on the other hand, it would seem from the situation, so far as it is shown by the plaintiffs petition, that the public interest must be promoted by allowing a renewal of the grant at the time when it was renewed rather than to refuse such a renewal, provided the statute is fairly'capable of such a construction as would allow that renewal to be made at that time; because, as I have said, the petition shows that the ordinance shows upon its face that this new contract made between the city and the street railroad company provided for the extension of the road for two or three miles, or perhaps not more than a mile and a quarter, east of Wilson avenue— at any rate, for a great distance — restricting the fare, however, to the precise amount of fare which the railroad company wms allowed to charge for the shorter distance, thus promoting, evidently, the interests of the public generally, and especially the interests of those residing upon that part of the street through which that extension was carried, and, so far as is shown, producing no injury to the inhabitants on that part of Garden street between Brownell street and Wilson avenue; and on the other hand, promoting their in-, terests by having a street railway maintained by the company. So that we should be very unwilling to render a judgment ousting this company of this franchise, when it is *325 obviously to the interest of the public that it should be held by the company, unless we are compelled to do so by strict rules of law.
It has been held in this state, in the case of The State on the relation of the Attorney-General v. The Pennsylvania & Ohio Railroad Company, 23 Ohio St. 121, that where, by the. terms of the charter of a company, a failure upon the part of the company to perform any duty imposed upon it is made a cause of forfeiture of the charter, and the company fails to perform such duty, and the state demands a forfeiture of the charter on that account, it is not a matter of discretion with the courts to refuse such a judgment. How far the rules of law applicable to proceedings in quo warranto will allow the court to exercise the discretion in refusing such a judgment where it is evident the public interests will not be promoted by it, it is not necessary for us to say; because, upon a careful examination of this subject, in connection with all of the provisions of the statute relating to it, we are satisfied that it is within the power of a street railway company and the city council, by agreement, to terminate the first grant at any time previous to its expiration where there is good cause for so doing, and at that time, under this section of the statutes, to renew such grant; and to hold otherwise, it seems to us, would be highly injurious to the public, and would not be in accordance with the intention of the legislature, as expressed in these provisions of the statute.
We hold, therefore, that the petition does not state facts sufficient to constitute a cause of action, because it does not show that this franchise was exercised in contravention of law. The demurrer is therefore sustained.
(Judgment affirmed by the Supreme Court without report January 26, 1892.)